UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| CHARGES WAYNE COLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:20-cv-01695-JHE |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION[1]

Plaintiff Charles Wayne Cole ("Cole") seeks review, pursuant to 42 U.S.C. § 405(g) and § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his application for supplemental security income ("SSI"). (Doc. 1). Cole timely pursued and exhausted his administrative remedies. This case is therefore ripe for review under 42 U.S.C. § 405(g). The undersigned has carefully considered the record and, for the reasons stated below, the Commissioner's decision is **AFFIRMED**.

### I. Factual and Procedural History

Cole filed an application for SSI on January 10, 2019, alleging disability beginning on January 1, 2016. (Tr. 15, 230-42). The Commissioner initially denied Cole's claim (tr. 140-50), and Cole requested a hearing before an ALJ. (tr. 86-88). After an April 30, 2020 hearing, the ALJ denied Cole's claim on May 14, 2020. (Tr. 12-33). Cole sought review by the Appeals Council, but it denied his request for review on September 26, 2020. (Tr. 1). On that date, the ALJ's

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties in this case have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 12).

decision became the final decision of the Commissioner. On October 29, 2020, Cole initiated this action. (Doc. 1).

Cole was forty-six years old on the date the ALJ rendered her decision. (Tr. 38). Cole has an eighth-grade education and past relevant work as a carpenter. (Tr. 27).

## II. Standard of Review[2]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This Court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal

---

[2] In general, the legal standards applied are the same whether a claimant seeks SSI or disability insurance benefits ("DIB"). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)    whether the claimant is currently employed;
(2)    whether the claimant has a severe impairment;
(3)    whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
(4)    whether the claimant can perform his or her past work; and
(5)    whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999);

---

[3] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

3

*accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner must further show such work exists in the national economy in significant numbers. *Id.*

### IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found Cole had not engaged in substantial gainful activity since January 10, 2019.  (Tr. 17).  At Step Two, the ALJ found Cole has the following severe impairments: status post fracture of his left leg, depressive disorder, and anxiety disorder.  (*Id.*). At Step Three, the ALJ found Cole does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18).

Before proceeding to Step Four, the ALJ determined Cole's residual functioning capacity ("RFC"), which is the most a claimant can do despite his impairments. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ determined Cole has the RFC

> to perform sedentary work as defined in 20 CFR 416.967(a) except he could lift and carry twenty pounds occasionally and ten pounds frequently; stand and walk three hours per eight-hour day; sit six hours per eight-hour day; frequently push and pull with the bilateral upper and lower extremities; occasionally climb ramps and stairs; never climb ladders, ropes, and scaffolds; frequently balance and stoop; occasionally kneel, crouch, and crawl; frequently reach overhead, handle, and finger bilaterally; must avoid concentrated exposure to extreme cold or heat, vibration including power tools and air compression tools; limit wet, slippery, icy surfaces and uneven terrain; avoid even moderate exposure

>   to hazards including unprotected heights; can understand and remember simple instructions and work procedures; should be able to concentrate and attend to simple tasks for two hours and will need all customary rests and breaks; could tolerate ordinary work pressures but should avoid excessive workloads, quick decision making, rapid changes, and multiple demands; is likely to do best working with a small number of familiar co-workers; and changes in the work environment or expectations should be occasional and presented gradually to give time for adjustment. Travel should be restricted to local and familiar environments.

(Tr. 20). At Step Four, the ALJ determined Cole was unable to perform any past relevant work. (Tr. 27). At Step Five, the ALJ determined, based on Cole's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy Cole could perform. (Tr. 27-28). Therefore, the ALJ determined Cole has not been under a disability and denied his claim. (Tr. 28).

## V. Analysis

Although the court may only reverse a finding of the Commissioner if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Cole*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The court, however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Cole raises a single objection to the ALJ's decision: the ALJ inappropriately rejected the opinions of consultative psychological examiner Dr. Robert A. Storjohann and consultative medical examiner Dr. James Temple. (Doc. 14 at 13-28).

For claims filed on or after March 27, 2017, such as this case, an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical

opinion(s) or prior administrative finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). Instead, the ALJ is required to "articulate in [his or her] determination or decision how persuasive [he or she] find[s] all of the medical opinions," 20 C.F.R. § 404.1520c(b), taking into account the following five factors:

> (1) Supportability
> (2) Consistency
> (3) Relationship with the claimant (which includes)
>     (i) Length of the treatment relationship
>     (ii) Frequency of examinations
>     (iii) Purpose of the treatment relationship
>     (iv) Extent of the treatment relationship
>     (v) Examining relationship
> (4) Specialization
> (5) Other factors

20 C.F.R. § 404.1520c(c). The ALJ must explain how he or she considered the factors of supportability and consistency—the most important factors—and may (but is not required to) explain how he or she considered the other remaining factors.[4] 20 C.F.R. § 416.920c(b)(2).

---

[4] The Commissioner spends a good portion of her brief discussing Cole's reliance on caselaw interpreting older regulations. (*See* doc. 15 at 8-17). Cole does state in conclusory fashion the claim should be remanded because the ALJ refused to accept the opinions "without good cause" and failed to state with at least "some measure of clarity" why she repudiated the opinions. (Doc. 14 at 27). The first portion of this is the "treating physician rule" embodied in the old regulations, under which an ALJ was required to give the opinion of a treating physician substantial or considerable weight, unless there is "good cause" to reject it. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). However, Dr. Storjohann and Dr. Temple were one-time examining physicians, so the treating physician rule would not apply even under the old regulations. To the extent Cole indicates the ALJ failed to state her reasons for rejecting the opinions with "some measure of clarity," while this comes from caselaw interpreting the old regulations, *see Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011), it does not apply here because, as discussed below, the ALJ *did* clearly state her reasons for rejecting the opinion. Other than these, Cole does not appear to rely on any standard that directly conflicts with the new regulations except potentially *Wilder v. Chater*, 64 F.3d. 335, 337-338 (7th Cir. 1995), which is inapplicable for reasons discussed below.

**A. The ALJ Did Not Err in Considering Dr. Storjohann's Opinion**

Dr. Storjohann evaluated Cole on April 18, 2019, and subsequently provided a Report of Psychological Evaluation.  (Tr. 439-443).  Dr. Storjohann reviewed Cole's medical records provided to the Social Security Administration's Disability Determination Service, but relied on Cole himself for the historical information in the report.  (Tr. 439).  Cole reported problems with depression, worry, and anxiety since his wife left him, with depressed mood most of the time, low energy levels, and constant fatigue.  (Tr. 440).  Cole also indicated he was socially withdrawn and isolated from others.  (*Id.*).  Cole stated he did not see himself as having anything to look forward to, was irritable and easily frustrated, and had episodic feelings of worthlessness, helplessness, hopelessness, and guilt.  (*Id.*).  Although his self-esteem was low, Cole denied suicidal ideation, assaultive ideation, hallucinations, delusions, or manic or hypomanic episodes.  (*Id.*).  Cole reported nervousness and anxiety, with frequent thought ruminations and restlessness.  (*Id.*).  Cole also stated he had frequent poor attention and concentration, some difficulty thinking clearly and making decisions, and some short-term memory difficulties.  (*Id.*).

On examination, Dr. Storjohann found Cole to have speech normal in both pace and tone, with a depressed, anxious, and tense mood and restricted affect.  (Tr. 441).  Cole was oriented to person, place, time, and situation and could perform various exercises related to concentration and attention—simple calculations, counting backwards from 20 to 1, spelling "world" forwards and backwards, and subtracting serial sevens from 100—without error.  (*Id.*).  As to memory, Cole could recall two of three objects after a five-minute delay (immediate memory), could recall his activities from the previous day (recent memory), and could recall the birthday of his son but struggled with other historical dates (remote memory).  (*Id.*).  Examining Coles' fund of information, Dr. Storjohann found Cole could identify the then-current president, the capital of

7

Alabama, two states bordering Alabama, and the number of months in a year, although Cole made errors identifying the previous president and the number of weeks in a year. (*Id.*). Turning to abstractions, Cole could identify similarities (e.g., that an orange and a banana were both fruits) and the lessons of proverbs. (Tr. 442). Dr. Storjohann found Cole's thoughts and speech were logical, coherent, and goal-directed and without loose associations or confusion. (*Id.*). As to Cole's thought content, Dr. Storjohann observed no hallucinations or delusions. (*Id.*). Dr. Storjohann characterized Cole's judgment as "somewhat poor" and his interpersonal insight as "rather limited" given the nature of his psychiatric difficulties. (*Id.*). Finally, Dr. Storjohann estimated Cole had intellectual functioning in the borderline range, although he did not perform any tests and noted an assessment with a WAIS-IV was needed for a more precise determination. (*Id.*).

Dr. Storjohann listed his diagnostic impressions as "Major depression, recurrent, severe, without psychotic features, chronic" and "Generalized anxiety disorder," also noting "Rule-out Borderline intellectual functioning." (*Id.*). Dr. Storjohann considered Cole's prognosis to be "quite poor given the chronicity and severity of his psychiatric difficulties, his apparent intellectual limitations, and his reported health problems in past," noting Cole was in need of continued health treatment. (*Id.*). Dr. Storjohann concluded by providing a medical source statement characterizing Cole's mental health difficulties as "significant" and opining that, due to Cole's psychiatric difficulties, apparent intellectual limitations, and reported health problems and pain, Cole had: (1) moderate to marked impairments in his ability to understand, carry out, and remember simple work-related instructions; (2) marked impairments in his ability to sustain his concentration and persist in work-related activity at a reasonable pace; (3) marked impairments in his ability to maintain effective social interaction in a consistent and independent basis with supervisors; (4)

marked impairments in his ability to maintain effective social interaction in a consistent and independent basis with coworkers; (5) moderate to marked impairments in his ability to maintain effective social interaction in a consistent and independent basis with the general public; and marked impairments in his ability to deal with normal pressures in a competitive work setting. (*Id.*).

The ALJ found Dr. Storjohann's opinion unpersuasive. (Tr. 26). She noted Dr. Storjohann's examination reports contained "generally benign findings that are not supportive of the marked limitations noted in his opinion." (*Id.*). Further, the ALJ found the opinion was inconsistent with other evidence showing Cole had normal mood and affect during most other mental status examinations. (*Id.*) (citing tr. 520-27).

Rather than point to an error within the ALJ's analysis, Cole references his summary of other records that might support Dr. Storjohann's opinion. (Doc. 14 at 27). It is not obvious how any of these records bolster Dr. Storjohann's extreme limitations or contradict the ALJ's assessment of Dr. Storjohann's opinion, and Cole does not explain this further. In any case, substantial evidence bears out both of the ALJ's rationales for finding Dr. Storjohann's opinion unpersuasive. As to supportability, the ALJ was correct that Dr. Storjohann's extreme limitations were not supported by his clinical findings as set out above. For example, although Dr. Storjohann found marked limitations in Cole's ability to concentrate, he noted no errors in any of the concentration-related exercises Cole performed. The one area Dr. Storjohann did find a significantly abnormality was Cole's mood, but the evidence the ALJ cited confirms Cole's mood

9

and affect were generally considered to be normal.[5] In other words, Dr. Storjohann's sole significantly abnormal finding was not consistent with other record evidence.

The ALJ's decision Dr. Storjohann's opinion was unpersuasive was supported by substantial evidence. Therefore, reversal is not warranted.

### B. The ALJ Did Not Err in Considering Dr. Temple's Opinion

Dr. Temple examined Cole on May 1, 2019. (Tr. 445-48). Among other findings, Dr. Temple found Cole had a markedly limited range of motion in his hips, knees, elbows, and forearms, walked with an assistive device, was unable to bend, stoop, and squat because of pain and decreased range of motion, was unable to heel and toe walk, and had considerable difficulty getting on and off the examining table. (Tr. 446). Dr. Temple opined: "At the present time, this patient is unemployable. He is in dire need of a family physician for investigative purposes." (Tr. 446). Dr. Temple appended findings from a range of motion examination. (Tr. 447-48).

The ALJ found Dr. Temple's opinion unpersuasive. (Tr. 25). She stated the opinion "was not supported with specific examination findings, did not include any specific vocational limitations, and is conclusory." (*Id.*). Furthermore, she found Dr. Temple's opinion Cole was "unemployable" was not a medical opinion at all, but an administrative finding reserved to the Commissioner. (Tr. 25-26). Finally, she found the opinion was not consistent with the overall medical evidence of record demonstrating Cole lives independently on his mother's property. (Tr. 26).

---

[5] Another piece of record evidence does show Cole's mood was depressed on one other occasion: when he was admitted to the hospital on December 12, 2018 for "aggressive or suicidal statements" made to family members. (Tr. 372-73). However, the ALJ's statements regarding the evidence she cited are accurate. In other words, this is the quintessential disputed factual issue the court does not reweigh on appeal. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

Just as Cole failed to adequately point to any evidence showing how the ALJ erred in considering Dr. Storjohann's opinion, he has done the same as to Dr. Temple. Other than summarizing Dr. Temple's findings, Cole does not reference how the ALJ considered the opinion in the sixteen pages of his argument section. (*See* doc. 14 at 13-28). Regardless, the record contains substantial evidence supporting the ALJ's finding. Although Dr. Temple did perform an examination showing Cole had a limited range of motion, Dr. Temple's actual opinion did not reference that examination in any way or explain how it would impact work-related activities. Instead, Dr. Temple simply concluded Cole was "unemployable." A statement such as this that a claimant is "disabled, blind, able to work, or able to perform regular or continuing work" is considered "inherently neither valuable nor persuasive" under the regulations. 20 C.F.R. § 416.920b(c)(3)(i). Under the regulations, an ALJ is not even required to "provide any analysis about how [he or she] considered such evidence in [his or her] determination or decision." 20 C.F.R. § 416.920b(c). Nevertheless, the ALJ here did explain that the opinion was unsupported and conclusory, and that the opinion was inconsistent with other record evidence. As the Commissioner notes, agency medical consultant Dr. Anthony Pitts, whose opinion and RFC the ALJ found to be persuasive (tr. 24-25), noted that Dr. Temple's findings as to range of motion were inconsistent with "totally normal" (apart from a modest gait disturbance) findings during a December 22, 2018 physical examination at the East Alabama Medical Center. (Tr. 65, 68, 373).

Substantial evidence supports the ALJ's finding Dr. Temple's opinion was unpersuasive. Therefore, reversal is not appropriate.

### C. *Wilder* is Inapplicable

The bulk of Cole's brief relates to his argument that the court should adopt the Seventh Circuit's analysis in *Wilder v. Chater*, 64 F.3d. 335, 337-338 (7th Cir. 1995), recounting multiple

11

opinions where courts have followed that standard and arguing there is a conflict within this circuit on whether that standard applies. (Doc. 14 at 18-27). In *Wilder*, the ALJ rejected the only medical evidence in the case. 64 F.3d at 337. The Seventh Circuit stated it was "led to consider with a degree of suspicion the administrative law judge's decision to go against the only medical evidence in the case," *id.*, which Cole takes to be a "more stringent standard of review" applicable "when the administrative law judge's decision goes against the consultative opinion" (doc. 14 at 19).

Whether or not the Eleventh Circuit would adopt *Wilder's* framework,[6] and whether or not Cole has characterized its holding correctly, it is distinguishable in this case because the ALJ did not reject the only medical evidence of record. As the Commissioner notes (doc. 15 at 18-19), the ALJ found the opinion of state agency psychological consultant Dr. Amy Cooper—who offered a different take on Cole's mental limitations than Dr. Storjohann—to be persuasive. (Tr. 25). In fact, Dr. Cooper specifically criticized Dr. Storjohann's opinion for its inconsistency with his own examination findings and those of Cole's treating physicians. (Tr. 64). And, as discussed above, Dr. Pitts (whom the ALJ found persuasive, (tr. 24-25) contradicted Dr. Temple's report, specifically pointing to other record evidence to do so. (Tr. 65, 68).

Since the ALJ's decision in this case was supported by medical evidence (albeit not the medical evidence Cole prefers), *Wilder* is not applicable and there is no need to further explore its applicability in this circuit.

---

[6] Somewhat contrary to Cole's framing, the Eleventh Circuit has "decline[d] . . . to adopt" *Wilder* on multiple occasions, owing to the Eleventh Circuit's "own standard for reviewing the opinions of agency-appointed consulting physicians." *Jackson v. Soc. Sec. Admin., Comm'r*, 779 F. App'x 681, 685 (11th Cir. 2019) (citing *Crawford*, 363 F.3d at 1160).

## VI. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, the decision of the Commissioner of Social Security denying Cole's claim for supplemental security income is **AFFIRMED**.

DONE this 21st day of March, 2022.

                                        **JOHN H. ENGLAND, III**
                                        UNITED STATES MAGISTRATE JUDGE